FIDELITY MUTUAL FIRE INSURANCE COMPANY, a corporation of the State of Pennsylvania, *vs.* SAMUEL G. SIMMONS, CHARLES SIMMONS and JESSE G. SIMMONS, trading as S. G. SIMMONS & BROS.

## *Affidavit for Security for Costs—Practice.*

In an action of assumpsit an affidavit, on which to base a motion for a rule for security for costs, which affidavit sets forth that the defendants have a legal and just defence to the whole of the plaintiff's demand, the nature and character of which defence is, that said defendants did not undertake or promise in any manner or form as said plaintiff hath thereof complained in the declaration filed in the case, nor did any of the said defendants so undertake or promise; that the said defendants either jointly or severally or in any way do not owe the said plaintiff the said several sums mentioned in said declaration and set forth in the bill of particulars, nor any portion of the same nor any sum of money or damages of whatsoever kind; that the plaintiff is a non-resident: *Held* insufficient, because enough facts are not given to enable the court to judge as to the defence.

(*December 23, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Peter L. Cooper, Jr.*, and *Charles B. Evans* for plaintiff.

*William Michael Byrne* for defendants.

Superior Court, New Castle County, November Term, 1898.

ACTION OF ASSUMPSIT (No. 168 to May Term, 1898).

Mr. Byrne asked leave to file the following affidavit, on which to base a motion for a rule for security for costs under *Section 8, Revised Code, 791-2.* Omitting the formal parts, the affidavit alleged, "That the said defendants have a legal and just defence to the whole of the plaintiff's demand therein, the nature and character of which defence is this,—That the said defendants did not undertake or promise in manner and form as the said plaintiff hath thereof complained against them in the declaration filed in the above stated case; nor did any of the said

defendants so undertake or promise :    That the said defendants, either jointly or severally, or in any way, do not owe the said plaintiff the said several sums mentioned in the said declaration and set forth in the bill of particulars attached thereto, nor any portion of the same, nor any sum of money or damages of whatsoever kind.

"That the plaintiff in the above stated case is a non-resident of the State of Delaware."

Mr. Cooper objected to the sufficiency of the affidavit under the statute, contending that it was simply the plea of non-assumpsit drawn out and did not set out the nature and character of the defence but was simply a bald denial of the promise. *Flagg vs. Taylor, 8 Houst., 167.*

*Mr. Byrne:*—The motion is made under *Section 8, Revised Code of Delaware, pages 791 and 792,* providing that where the plaintiff is a non-resident the defendant upon motion and affidavit filed that he has a legal and just defence to the whole of the plaintiff's demand therein, and stating the nature and character of such defence, the sufficiency whereof shall be determined by the court, may have a rule for security for costs by a certain day, or that non suit be entered.

*Rev. Code, Sec. 8, page 791; Ridings vs. McMenamin, 1 Pennewill, 15; Phlegar vs. Ivins, 5 Harr., 118; Stoeckle vs. Gray, 1 Pennewill, 117.*

The earlier case of *Flagg vs. Taylor, 8 Houst., at 167,* (1888) is not in conflict with these cases because there an affidavit of defence undertook to state matters making a defence in the nature of recoupment, but did not state it with the precision required by our rules of court or by the rules of pleading, wherefore the court properly ruled against the affidavit.

*Tredway vs. Kennedy, 153 Pa. St., 438; Billington vs. Gautier Steel Co.* (Supreme Court of Pa.), *9 Atl. Rep., 33.*

LORE, C. J :—The court in construing an affidavit of defence have held that there must be sufficient facts appearing to enable

the court to judge whether if these facts are true it is a just and legal defence. The court have held that payment is a sufficient defence, because that means specifically either payment in money or something received by agreement as an equivalent of money, so that both the plaintiff and the court were fully advised.

The rule is that the court must have sufficient facts stated to enable it to judge as to the defence and not to allow the defendant to be the judge, by only stating conclusions. The cases cited by the defendant come within this rule.

You are not bound to disclose your proof, but you must give sufficient facts from which we can judge whether your conclusion is correct or not.

The motion is denied.

*Mr. Byrne:*—I desire to note an exception.

LORE, C. J :—You cannot note an exception.